IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL B. PEASLEE, on behalf of plaintiff and the class members described herein, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:20-cv-1600 |
| vs. | ) ) | |
| RADIUS GLOBAL SOLUTIONS LLC, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT -- CLASS ACTION

### INTRODUCTION

1. Plaintiff Michael B. Peaslee brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Radius Global Solutions LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. Plaintiff was harassed, misled and confused by the conduct complained of herein.

## **VENUE AND JURISDICTION**

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications (Exhibit A) were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## **PARTIES**

10. Plaintiff Michael B. Peaslee is a resident of Harvard, Illinois.

11. Defendant Radius Global Solutions LLC is a limited liability company organized under Minnesota law with principal offices at 7831 Glenroy Rd., Ste. 250, Edina, MN 55439. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

12. Defendant Radius Global Solutions LLC operates a collection agency.

13. Defendant Radius Global Solutions LLC describes its business as follows: "Radius Global Solutions is a leading provider of account recovery and debt collection, customer relationship management and healthcare revenue cycle management solutions." (https://www.radiusgs.com/about-us/)

14. Defendant Radius Global Solutions LLC uses the mails and telephone system in conducting business.

15. Defendant Radius Global Solutions LLC has multiple offices:

    a. 1111 Montgomery Street, Suite A, Decorah, IA 52101;

    b. 9550 Regency Square Blvd, Suite 500, Jacksonville, FL 32225;

    c. 4370 W 109th Street, Suite 100, Overland Park, KS 66211;

    d. 500 North Franklin Turnpike, Suite 200, Ramsey, NJ 07446;

    e. 1-3 Pimento Way, Cazoumar Freezone, Montego Bay, Jamaica;

    f. Ave. Simón Bolivar Centro Comercial Plaza, Panamá City, Panamá;

    g. 501 & 601, A Wing, Powai Mumbai India 400076;

    h. 7831 Glenroy Road, Suite 250, Edina, MN 55439;

    i. 155 Mid Atlantic Pkwy., West Deptford, NJ 08066;

    j. 108 Thomas Circle, Monticello, MN 55362;

    k. 199 South Los Robles, Suite 830, Pasadena, CA 91101.

16. Defendant Radius Global Solutions LLC holds a collection agency license from the state of Illinois.

17. Defendant Radius Global Solutions LLC is a debt collector as defined in the FDCPA.

## FACTS

18. On our about Feb. 23, 2016, JH Portfolio Debt Equities LLC, now defunct, filed a lawsuit against Mr. Peaslee in McHenry County, Illinois, case 16 SC 389.

19. The complaint sought to collect a Bank of America credit card debt, with account number ending 1944, on which Mr. Peaslee allegedly owed about $2,597.

20. The debt was for personal, family or household purposes and not for business purposes.

21. The lawsuit was dismissed without prejudice on June 10, 2016, after Mr. Peaslee retained counsel to defend it.

22. The lawsuit was never refiled.

23. On July 27, 2019, defendant Radius Global Solutions LLC sent plaintiff the letter attached as Exhibit A.

24. The letter was sent on behalf of JH Liquidating Trust I, which was identified as the current owner of the debt.

25. Exhibit A offers a settlement of the debt.

26. Exhibit A is a form letter.

27. On July 27, 2019, the debt had been in default for more than five years.

28. According to the records of Radius Global Solutions LLC, the last payment on the debt had been made Feb. 28, 2011, and the debt was considered in default since May 12, 2011.

29. Exhibit A did not disclose that the debt was time-barred or that making a payment could restart the statute of limitations.

30. Mr. Peaslee was concerned about the new collection activities on what seemed to be an old debt and retained counsel to deal with it.

## COUNT I -- FDCPA

31. Plaintiff incorporates paragraphs 1-30.

32. Defendant violated 15 U.S.C. §1692e, 1692e(2), and 1692e(10) by offering to settle a time-barred debt without disclosure of the fact that it was time-barred.

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

34. The class consists of (a) all individuals with addresses in Illinois, (b) to whom Defendant Radius Global Solutions LLC sent a letter (c) offering to settle a credit card debt (d) more than five years after the later of default or last payment (e) which letter did not disclose that the debt was time-barred and that suit could not be filed on it (f) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after

the filing of this action.

35. On information and belief, based on the size of Defendant, the fact that debts are normally placed in groups of similar debts, and the use of a form letter, the class is so numerous that joinder of all members is not practicable.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant engages in a practice of attempting to settle time-barred debts without disclosure of the fact that they are time-barred, and whether such practice violates the FDCPA.

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

39. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

      i.    Statutory damages;

      ii.    Actual damages, including all amounts collected on time-barred debts;

      iii.    Attorney's fees, litigation expenses and costs of suit;

      iv.    Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Bryan G. Lesser
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)